**Abatement Order filed February 22, 2018**



**In The**

# Fourteenth Court of Appeals

_____

## NO.  14-17-00914-CV
_____

**NDEM BURABARI ODUU, Appellant**

**V.**

**BARIVURE  ELIZABETH DAN-DUKOR, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-00572**

---

## ABATEMENT ORDER

On January 18, 2018, we issued an order permitting appellant to proceed without payment of court costs. We directed the Harris County District Clerk and the court reporter for the 311th District Court to prepare and file the clerk's record and reporter's record, respectively, by February 20, 2018. Our order was based on a partial clerk's record filed on January 10, 2018 that indicated appellant filed a statement of inability to afford to pay court costs in the trial court and no contest had been filed. *See* Tex. R. Civ. P. 145(f). Neither the clerk's record nor the reporter's record has been filed.

On February 1, 2018, Stephanie Wells, the official court reporter for the 311th District Court, filed a letter asserting neither she nor the trial court knew appellant was seeking to proceed as indigent in this appeal. She asserts appellant did not file his statement directly with the clerk of the 311th District Court and did not present his affidavit for a ruling. She points out several alleged deficiencies with his statement and asks us to abate this appeal, remand to the trial court for a hearing on indigence, and permit her to file a late contest to appellant's statement. The letter indicates it was sent to appellant by email. More than 10 days have passed, and no response to the letter has been received.

This court and the trial court are jointly responsible for ensuring the appellate record is timely filed. Tex. R. App. P. 35.3(c). We are permitted to enter any order necessary to ensure the timely filing of the appellate record. *Id.*

Based on Wells' statements in her letter and under our authority as stated in Rule 35.3(c), we **ABATE** this appeal and **ORDER** as follows:

1. The trial court shall permit Wells, and other entitled entities, to file a motion to require appellant to prove his inability to afford to pay court costs. *See* Tex. R. Civ. P. 145(f)(3) (permitting court reporter to file motion to require party to prove inability to pay costs); *see also* Tex. R. Civ. P. 145(f)(1), (2), (4) (authorizing other entities to seek to require party to prove inability to pay costs).

2. Any such motion shall be handled according to Tex. R. Civ. P. 145.

3. The trial court shall ensure a supplemental clerk's record containing all filings relating to the motion and any order and findings of fact on the motion is filed with this court by **April 23, 2018**.

4. The trial court shall also ensure a transcript of any hearing held on the motion is filed with this court by **April 23, 2018**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the requested records are filed. The court will also consider an appropriate motion to

reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM